UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ARCEO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. GONZALES, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:13-cv-2083-LJO-MJS (PC)<br><br>**PRELIMINARY DISCOVERY AND SCHEDULING ORDER**<br><br><u>Telephonic Scheduling Conference</u>:  October 23, 2014 at 1:30 p.m. |

　　　　This case has been screened by the Magistrate Judge under 28 U.S.C. § 1915A(a) and found to state an Eighth Amendment excessive force claim against Defendants Gonzales, Receo, and Souvannkaham. (ECF Nos. 7, 10.)  Defendants have filed their Answer to Plaintiff's Complaint. (ECF No. 14.) It thus is appropriate at this time for the Court to issue an Order pursuant to Federal Rules of Civil Procedure 1, 16 and 26 through 36, inclusive, regulating the conduct and scheduling of discovery in the case.

　　　　The nature of the claim presented in this case renders it particularly well-suited for a quick and simplified path to trial. The outcome of the case likely will turn on whose version of the facts – who said and did what, when, where and why – is believed by the trier of fact. Subject to some limited exceptions, it is not the type of case the judge will be able to resolve on a motion to dismiss or a motion for summary judgment. Since the

case most certainly will proceed through trial, it is in the best interests of both parties and the Court to get to and through trial as expeditiously and economically as possible.

This Court has procedures for enabling expeditious resolution of such cases. Our goal is to limit more traditional discovery and motion practice while providing simplified procedures for full mutual disclosure of all relevant information. Perhaps most importantly, these procedures are designed to enable a case to go to trial in as few as 180 days (six months) from the date of their adoption if all parties consent to Magistrate Judge jurisdiction for all purposes.

The options for expedited litigation are described on **Attachment A** to this Order entitled **"Expedited Litigation Options**." The Court ultimately will determine which of these options are best suited for this case. However, it seeks input from the parties and will consider their preferences before making any final determination. **Attachment B** is a form of **Agreement** on which the parties may reflect and record their preferences and, if they wish, mutually agree in advance to certain expedited litigation options.

Accordingly, the Court HEREBY ORDERS as follows:

1. This matter is set for a telephonic scheduling conference before the Honorable Michael J. Seng on October 23, 2014 at 1:30 p.m., to discuss the parties' preferences and agreements;
2. Counsel for Defendants is required to arrange for the participation of Plaintiff in the telephonic scheduling conference;
3. The parties shall join the conference by calling the following conference call number and access code. Conference Call Number: 1-888-204-5984, Access Code: 4446176;
4. The parties shall review Attachment A and be prepared to consider and discuss same in good faith at the telephonic scheduling conference; and

///
///
///

5. Each party shall review Attachment B, record their preferences on the form, and file same with the Court on or before October 8, 2014.

IT IS SO ORDERED.

Dated:  August 29, 2014                    /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ARCEO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. GONZALES, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:13-cv-2083-LJO-MJS (PC)<br><br>**ATTACHMENT "A" TO PRELIMINARY DISCOVERY AND SCHEDULING ORDER**<br><br>**EXPEDITED LITIGATION OPTIONS** |

**I. Availability of expedited procedures** – Any case found after 28 U.S.C. § 1915A(a) screening by the Magistrate Judge to state a cognizable cause of action, where all parties 1) consent to the jurisdiction of a Magistrate Judge for all purposes in accordance with 28 U.S.C. § 636(b)(1)(B), 2) agree to participate in a procedure for expedited litigation, and 3) enter into an Expedited Litigation Agreement setting forth the terms of their said agreement, may be made subject to agreed expedited procedures. Nothing herein is intended to limit the Court from *sua sponte* imposing such expedited procedures as it deems appropriate in a given case.

**II. Timeframe for stipulation** – The parties are encouraged to consider stipulating to expedited procedures immediately after screening by the Magistrate Judge. However, nothing forecloses the parties from moving the case to an expedited track at

**ATTACHMENT "A"** to Preliminary Discovery and Scheduling Order

an earlier or later stage of the proceedings with Court approval (provided that the expedited procedures will in all events apply only prospectively).

**III. Method of stipulation** – Unless the Court otherwise orders expedited procedures, all parties must agree in writing to mutually acceptable expedited procedures and file a completed and signed "Expedited Litigation Procedures Agreement" (hereinafter "ELP Agreement") in the form attached as Attachment B hereto. The ELP Agreement will not be implemented unless and until accepted, approved and made the Order of the Court.  The parties need not accept all of the procedures and limits outlined here.  With Court approval, they may omit some of the procedures described herein and/or adopt additional terms and limitations as appropriate to their particular case. However, once executed, the Agreement will not be revocable except on order of the Court for good cause shown.

**IV. Early trial date** – If the Court approves the parties' ELP Agreement, it will provide a **firm trial date** no more than one hundred eighty days from the date of filing of the fully executed ELP Agreement with the Court.  No continuances of the trial date will be considered except in extraordinary circumstances.

**V. Discovery**

**A. Initial exchanges** – Within thirty days of the court's approval of an ELP Agreement, the parties shall informally, and without further order of the Court, make available to one another the following information and documents which are not subject to a valid work product or attorney-client privilege:

    i.    The names and last known whereabouts of any person believed to be a percipient witness to the event giving rise to the claim in the operable complaint (the "event") along with a brief (not to exceed 100 word) description of what it is believed the witness perceived.

    ii.    Medical records reflecting treatment related to the event.

       iii. Other "writings" (as defined in F.R.E. § 1001), if any, relating to the event, to include, but not be limited to, writings reflecting:

          a. disciplinary action initiated against any party to the litigation related to the event, and

          b. administrative claims, proceedings, and appeals relating to the event.

       iv. Statements made or attributed to any party or witness relating to the event.

       v. The identities of no more than two non-party percipient witnesses (included in section V.A.i, above) who each party wishes to call as witnesses at trial.

       vi. A list of facts believed by each party not to be in dispute (e.g., date, location, parties, witnesses, etc., to the event).

Each party shall have an ongoing mandatory obligation to update and exchange this information voluntarily as the case progresses.

Each party reserves the right to seek an Order of the Court relieving, for good cause shown, that party of the obligation to exchange specified information otherwise designated for exchange in this section.

A party seeking leave to call more than two percipient witnesses to testify at trial shall provide the information called for in sections V.A.i and iv, above, as to each said proposed witness.

    **B. Discovery Limits**

       **i. Percipient witness depositions** - Each party may, at its own option and expense, depose an opposing party and each of the percipient witnesses identified in accordance with section V.A.v, above. Absent order of the Court for good cause shown, no other percipient witness depositions will be allowed.

3

      **ii. Expert witness discovery** -- Fourteen days before the pretrial conference provided for in Section VII, below, each party shall make a written disclosure to the other of the identity and qualifications of each non-percipient witness expected to be called to give expert opinion testimony at trial and include a written summary of the facts and opinions to which the expert is expected to testify at trial.  No expert's testimony will be permitted to extend beyond the bounds of the summary. Absent order of the Court for good case shown, no expert depositions shall be allowed.  The court will determine at the time of the pretrial conference provided for in Section VII, below, whether any party may call more than one expert witness to testify at trial.

      **iii. No written discovery** – Other than as provided herein or on order of the Court for good cause shown, there shall be no written discovery.

      **iv. Discovery deadline –** Other than the continuing voluntary exchange of information called for in Section V.A., above, all discovery provided for under the EPL Agreement or otherwise by order of the court  shall be concluded not later than thirty days prior to the date set for the pretrial conference called for in Section VII., below.

**VI. Motions**

    **A. Non-dispositive motions** – A discovery or other non-dispositive motion shall be in a written narrative form, typed in twelve point type or clearly hand-printed, on not more than three double spaced 8.5 by 11 inch pages.  Legal authorities need not be specifically cited or summarized.  A party opposing such a motion shall have no more than seven days following service of the motion to respond in a writing of the

same style and length or less.  No reply or other papers shall be filed. Unless the Court determines that other procedures are necessary, it shall rule on the motion by minute order and without oral argument. There shall be no reconsideration or review of rulings on non-dispositive motions.

**B. Dispositive motions –** The case having been screened by the Magistrate Judge in accordance with 28 U.S.C. § 1915A(a) and found suitable for expedited litigation, no dispositive motions may be filed except on order of the Court for good cause shown.  Discovery, after a screening order has issued, of a potential Heck[1] bar or failure to exhaust defense in the action, may constitute good cause.

**VII. Pretrial Conference**

The Court shall schedule a telephonic pretrial conference no less than three weeks or more than four weeks prior to the trial date.

No later than ten days before the pretrial conference, each of the parties shall file with the Court a Pretrial Memorandum containing the following information:

   A.  A brief narrative summary of the claims and defenses

   B.  A list of facts believed not in dispute.

   C.  A list of all witnesses expected to be called to present evidence on direct  by each party

   D.  A narrative summary of the direct testimony of each party and each non-party witness, lay and percipient, to be called by a party.

   E.  Identification by inclusive page and line numbers of all deposition testimony a party wishes to introduce into evidence.

   F.  Identification of anticipated trial evidentiary or procedural disputes

   G.  Proposed jury instructions

Prior to or orally during the pretrial conference the parties shall make all

---

[1] Heck v. Humphrey, 512 U.S. 477 (1994).

5

reasonably foreseeable *motions in limine*. The Court shall rule on them during the pretrial conference, in the pretrial order, or at the start of trial, as it deems appropriate. This provision shall not foreclose the bringing of additional unforeseeable motions *in limine.*

The Court shall issue a Pretrial Order which, along with the procedures agreed to herein, shall govern procedures through trial.

### VIII. Trial – Optional Procedures for Expediting Trial

The parties need not include any expedited trial procedures as part of their ELP Agreement. However, the following procedures are identified as means by which the parties can virtually ensure their dispute will be tried to verdict within two court days. The parties are encouraged to consider the benefit of agreeing to some or all of these procedures and seeking the Court's approval and effectuation of them:

**A. Witnesses --**
1. Limiting the number of non-party percipient trial witnesses to two.
2. Presenting all non-party witness direct testimony to the jury by having the Court read the witnesses' narrative statements provided under Section VII, above. (All witnesses shall be available for oral cross-examination and re-direct examination.)
3. Allowing party witnesses, at their option, to present direct testimony to the jury by having the Court read the party's narrative statement provided for under Section VII, above.

**B. Depositions –** Allowing any party to read directly from relevant and admissible portions from any deposition transcript pages and lines identified as called for in Section VII. E, above.

**C. Documentary evidence –** Subject to timely and valid objections challenging the authenticity of writings (as defined in F.R.E. § 1001), admitting all relevant and otherwise admissible reports and records into

evidence without the necessity of authentication by an originator or custodian of records.

**D. Jury –** Agreeing that: if a jury is requested by any party, the Jury Commissioner shall provide a jury pool of eighteen jurors; the Court shall *voir dire* the jury; each side, as determined by the Court, shall be entitled to two peremptory strikes; the first six jurors selected and not stricken for cause or peremptorily shall be the jury; if one or more of the selected six jurors is subsequently excused or the jury pool proves insufficient to seat six jurors, the case may be tried to verdict by as few as four jurors; and, the jury's verdict shall be unanimous.

**E. Trial time limits –**

    **i.** Agreeing that absent order of the Court for good cause shown, each side, as determined by the Court, shall have no longer than the times shown below for conducting trial

        **a. Supplemental *voir dire* –** 15 minutes

        **b. Opening statement –** 30 minutes

        **c. Presentation of evidence and cross- examination –** three hours

        **d. Argument (to include closing argument) –** 30 minutes

    **ii.** If the Court determines the case shall be conducted as a two party case (regardless of the number of parties), it shall manage and limit proceedings as it, in its discretion, deems appropriate to ensure the case goes to the jury no later than 1:30 p.m. on the second day of trial.

    **iii.** If the case is tried to the Court without a jury, the court may, but is not required to, rule from the bench at the close of evidence and without written memorandum of decision.

**IX. Optional Procedures for Post-Trial Motions and Appeals**

The parties need not agree to limit otherwise available means of seeking post-trial relief as part of their ELP Agreement.  However, the following procedures are identified as means by which the parties can agree to avoid incurring the time, trauma and expense of most post-trial and appellate procedures.  The parties are encouraged to consider the benefit of agreeing to some or all of these procedures and seeking the Court's approval and effectuation of them:

**A. Post-trial motions** – Agreeing that post-trial motions may be filed only to recover costs and attorney fees, to correct a judgment for clerical error, to enforce the judgment or to move for new trial.  The only grounds for new trial are: judicial misconduct that materially affected the substantial rights of a party; misconduct of the jury; or, corruption, fraud, or other undue means employed in the proceedings of the Court or the jury.

**B. Appeal –** Agreeing that all grounds for appeal, except those specified as grounds for new trial in Section IX.A above are waived, and an appeal may be filed on those grounds only if the party has first moved for and been denied new trial on those grounds. This option may prove more attractive to the defense if it is accompanied by an agreement to limit the damage award.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ARCEO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. GONZALES, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:13-cv-2083-LJO-MJS (PC)<br><br>**ATTACHMENT "B" TO PRELIMINARY DISCOVERY AND SCHEDULING ORDER**<br><br>**EXPEDITED LITIGATION AGREEMENT AND ORDER THEREON** |

　　　　In order to lessen the time and cost of litigation, the parties to this case hereby stipulate and agree to those terms below which they have followed with entry of their initials or the initials of their counsel of record. Each party shall strike any term(s) it is unwilling voluntarily to be bound to. A party's initials below a provision will be deemed a request by that party that the Court accept, adopt and order compliance with that term. However, no Expedited Litigation Procedures ("ELP") initialed by a party will be implemented unless and until accepted by all parties and approved by the Court or otherwise made the Order of the Court.

///

///

///

**ATTACHMENT "B"** to Preliminary Discovery and Scheduling Order

## **AGREEMENT**

**1. Consent to Magistrate Judge Jurisdiction.** The party whose initials appear immediately below consents to the jurisdiction of a Magistrate Judge for all purposes in accordance with 28 U.S.C. § 636(b)(1)(B).

**Plaintiff\_\_\_\_\_    Defendant \_\_\_\_**

**2. Early trial date.** The party whose initials appear immediately below asks the Court to assign a firm trial date no more than one hundred eighty days from the date of filing this ELP Agreement with the Court. The parties acknowledge and agree that once assigned, no continuance of the trial date will be considered except in unforeseeable and extraordinary circumstances.

**Plaintiff\_\_\_\_\_    Defendant \_\_\_\_**

**3. Discovery**

   **A. Initial exchanges** – Within \_\_\_\_ days[1] of the court's adoption of an ELP Agreement, the parties shall informally, and without further order of the Court, make available to one another the following information and documents which are not subject to a valid work product or attorney-client privilege:

   i. The names and last known whereabouts of any person believed to be a percipient witness to the event giving rise to the claim in the operable complaint (the "event") along with a brief (not to exceed 100 word) description of what it is believed the witness perceived.

**Plaintiff\_\_\_\_\_    Defendant \_\_\_\_**

---

[1] The Court strongly recommends that initial disclosures be made within 30 days.

2

ii. Medical records reflecting treatment related to the event.

**Plaintiff\_\_\_\_\_    Defendant \_\_\_\_**

iii. Other "writings" (as defined in F.R.E. §  1001), if any, relating to the event, to include, but not be limited to, writings reflecting;

    a. disciplinary action initiated against any party to the litigation related to the event, and

    b. administrative claims proceedings and appeals relating to the event.

**Plaintiff\_\_\_\_\_    Defendant \_\_\_\_**

iv. Statements made or attributed to any party or witness relating to the event.

**Plaintiff\_\_\_\_\_    Defendant \_\_\_\_**

v. The identities of no more than \_\_\_ [2] non-party percipient witnesses (included in section 3.A.1, above) who each party wishes to call as witnesses at trial.

**Plaintiff\_\_\_\_\_    Defendant \_\_\_\_**

vi. A list of facts believed by each party not to be in dispute (e.g., date, location, parties, witnesses, etc., to the event).

**Plaintiff\_\_\_\_\_    Defendant \_\_\_\_**

---

[2] The Court finds that except in very unique cases, the calling of more than two percipient witnesses to testify is redundant and wasteful, particularly where one or more of the parties also describe the event.

3

Each party shall have an ongoing mandatory obligation to update and exchange this information voluntarily as the case progresses.

**Plaintiff\_\_\_\_\_     Defendant \_\_\_\_**

Each party reserves the right to seek an Order of the Court relieving, for good cause shown,  that party of the obligation to exchange specified information otherwise designated for exchange in this section.

**Plaintiff\_\_\_\_\_     Defendant \_\_\_\_**

A party seeking leave to call more than two percipient witnesses to testify at trial shall provide the information called for in section 3.A.1 and 4, above, as to each said proposed witness.

**Plaintiff\_\_\_\_\_     Defendant \_\_\_\_**

B.  Discovery Limits

   i.   **Percipient witness depositions** – Each party may, at its own option and expense, depose an opposing party and each of the percipient witnesses identified in accordance with section 3.A.5., above. Absent order of the Court for good cause shown, no other percipient witness depositions will be allowed.

**Plaintiff\_\_\_\_\_     Defendant \_\_\_\_**

   ii.  **Expert witness discovery** – Fourteen days before the pretrial conference provided for in Section 5, below, each party shall make a written disclosure to the other of the identity and qualifications of

4

each non-percipient witness expected to be called to give expert opinion testimony at trial and include a written summary of the facts and opinions to which the expert is expected to testify at trial. No expert's testimony will be permitted to extend beyond the bounds of the summary. Absent order of the Court for good case shown, no expert depositions shall be allowed.  The court will determine at the time of the pretrial conference provided for in Section 5, below, whether any party may call more than one expert witness to testify at trial.

**Plaintiff\_\_\_\_\_     Defendant \_\_\_\_**

iii. **No written discovery** – Other than as provided herein or on order of the Court for good cause shown, there shall be no written discovery.

**Plaintiff\_\_\_\_\_     Defendant \_\_\_\_**

iv. **Discovery deadline –** Other than the continuing voluntary exchange of information called for in Section 3.A, above, all discovery provided for under the EPL Agreement or otherwise by order of the court shall be concluded not later than thirty days prior to the date set for the pretrial conference provided for in Section 5, below.

**Plaintiff\_\_\_\_\_     Defendant \_\_\_\_**

**4. Motions**

   **A. Non-dispositive motions** – A discovery or other non-dispositive motion shall be in a written narrative form, typed in twelve point type or clearly hand-printed, on not more than three double spaced 8.5 by 11 inch pages. Legal authorities need not be specifically cited or summarized. A party opposing such a motion shall have no more than seven days following service of the motion to respond in a writing of the same style and length or less. No reply or other papers shall be filed. Unless the Court determines that other procedures are necessary, it shall rule on the motion by minute order and without oral argument. There shall be no reconsideration or review of rulings on non-dispositive motions.

        **Plaintiff\_\_\_\_\_    Defendant \_\_\_\_**

   **B. Dispositive motions –** The case having been screened by the Magistrate Judge in accordance with 28 U.S.C. § 1915A(a) and found suitable for expedited litigation, no dispositive motions may be filed except on order of the Court for good cause shown. Discovery, after a screening order has issued, of a potential Heck[3] bar or failure to exhaust defense in the action, may constitute good cause.

        **Plaintiff\_\_\_\_\_    Defendant \_\_\_\_**

**5. Pretrial Conference**

The Court shall schedule a telephonic pretrial conference no less than three weeks or more than four weeks prior to the trial date.

No later than ten days before the pretrial conference, each of the parties shall file with the Court a Pretrial Memorandum containing the following information:

---

[3] Heck v. Humphery, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed. 2d. 383 (1994).

A. A brief narrative summary of the claims and defenses.

B. A list of facts believed not in dispute.

C. A list of all witnesses expected to be called to present evidence on direct by each party.

D. A narrative summary of the direct testimony of each party and each non-party witness, lay and percipient, to be called by a party.

E. Identification by inclusive page and line numbers of all deposition testimony a party wishes to introduce into evidence.

F. Identification of anticipated trial, evidentiary, or procedural, disputes.

G. Proposed jury instructions.

**Plaintiff_____    Defendant ____**

Prior to or orally during the pretrial conference the parties shall make all reasonably foreseeable *motions in limine*. The Court shall rule on them during the pretrial conference, in the pretrial order, or at the start of trial, as it deems appropriate. This provision shall not foreclose the bringing of additional unforeseeable motions *in limine.*

**Plaintiff_____    Defendant ____**


**For Plaintiff _____:**

_____     _____
   Date                                                   Signature of Plaintiff or his counsel

                                                          _____
                                                          Printed name of signatory for Plaintiff

7

**For Defendant(s)**)_____:

_____       _____
　　Date                                Signature of Defendant or his counsel

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Printed name of signatory for Defendants(s)

**For Defendant(s)**)_____:

_____       _____
　　Date                                Signature of Defendant or his counsel

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Printed name of signatory for Defendants(s)

## **ORDER**

　　Good cause appearing, the above ELP Agreement is accepted, adopted and made the Order of the Court.


Date: _____       _____
　　　　　　　　　　　　　　　　U.S. Magistrate Judge