UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ARCEO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. GONZALES, et al.,<br><br>　　　　Defendants. | CASE NO. 1:13-cv-2083-MJS (PC)<br><br>**ORDER (1) VACATING FINDINGS AND RECOMMENDATION TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 31), AND (2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 26)** |

**I.   PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.) This action proceeds on Plaintiff's Eighth Amendment excessive force claim and California state law assault and battery claims against Defendants Receo, Souvannkaham, and Gonzales. (ECF No. 10.)

On November 5, 2014, the undersigned issued findings and a recommendation (ECF No. 31) to deny Plaintiff's motion for a temporary restraining order (ECF No. 26). On November 13 and November 21, 2014, respectively, the parties consented to Magistrate Judge jurisdiction for all purposes. Accordingly, the Court herein will vacate

its findings and recommendation and rule directly on Plaintiff's motion.

## II.     PLAINTIFF'S MOTION

Plaintiff seeks to restrain Defendants from working in Plaintiff's housing unit. Plaintiff alleges that Defendants do not regularly work in his building. However, on September 10, 2014, Defendant Receo approached Plaintiff's cell to pick up the dinner trays and "threatened . . . to spray [Plaintiff] and to get [Plaintiff's] door open because he wanted to punch [Plaintiff] one more time." Defendant Receo also stated, "I hope you enjoy your food cuz I put an extra ingredient, next time I'll put rat poison." Along with his motion, Plaintiff submitted a statement from another inmate who saw Defendant Receo standing next to Plaintiff's door and heard him threaten Plaintiff.

## III.    LEGAL STANDARD

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). A preliminary injunction may issue where the plaintiff demonstrates the existence

of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

**IV.   ANALYSIS**

  **A.   Likelihood of Success on the Merits**

Plaintiff's complaint alleges that Defendants Receo and Souvannkaham beat Plaintiff until he was unconscious after Plaintiff asked for his evening meal. When Plaintiff requested medical attention, Defendant Gonzales responded, handcuffed Plaintiff, dragged him down stairs, punched him in the neck and bounced his head on concrete. (ECF No. 1.) Defendants admit that Defendant Gonzales responded to Plaintiff's medical "man down," handcuffed Plaintiff, and escorted Plaintiff to the medical clinic. (ECF No. 14.) They further admit that Plaintiff stumbled during the escort and Defendant Gonzales held him upright by his arms. They otherwise deny Plaintiff's allegations.

The question of whether Defendants used excessive force against Plaintiff is a disputed question of fact that lies at the heart of Plaintiff's claims. "In deciding a motion for a preliminary injunction, the district court is not bound to decide doubtful and difficult question of law or disputed questions of fact." Int'l Molder & Allied Workers Local Union No. 164 v. Nelson, 799 F.2d 547, 551 (9th Cir. 1986). The record before the Court is

limited to Plaintiff's complaint and Defendants' answer. Based on this limited record, the Court cannot resolve the factual dispute and concludes that Plaintiff has failed to demonstrate a likelihood of success on the merits. See, e.g., SoftMan Prods. Co, LLC v. Adobe Sys., Inc., 171 F. Supp. 2d 1075, 1093 (C.D. Cal. 2001) (concluding party had not shown likelihood of success on the merits where "each party [made] opposing representations as to a disputed fact" going directly to the central issue in the case); Hansen Beverage Co. v. Vital Pharm., Inc., No. 08-CV-1545 IEG (POR), 2008 WL 5427601, at *4 (S.D. Cal. Dec. 30, 2008) (numerous disputes of fact precluded finding that plaintiff was likely to succeed on the merits); Purdum v. Wolfe, No. C-13-04816 DMR, 2014 WL 171546, at *6 (N.D. Cal. Jan. 15, 2014) (plaintiff did not show likelihood of success on the merits where claim depended on disputed factual question); see also Healthy Harvest Berries, Inc. v. Rodriguez, No. 1:14-cv-0218 LJO SKO, 2014 WL 975321 at *1 (E.D. Cal. Mar. 12, 2014) (requiring that Plaintiff produce "sufficient evidence" to demonstrate that it had a "fair chance" of prevailing on the merits).

### B.    Likelihood of irreparable injury

Plaintiff's motion contains no allegations that would establish a likelihood of irreparable injury from Defendants Souvannkaham and Gonzales.

Plaintiff has raised serious allegations concerning threats made by Defendant Receo. At the same time, however, Plaintiff states that Defendant Receo normally doesn't work in Plaintiff's housing unit, and there is no indication that Defendant Receo will work in Plaintiff's housing unit again. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Plaintiff has not alleged an immediate threatened injury. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

### C.    Balance of Hardships

Considering Plaintiff's allegations alongside the potential burden of excluding

Defendant Receo from Plaintiff's housing unit, the balance of hardships tips in Plaintiff's favor. However, absent a showing of likelihood of success on the merits and irreparable injury, this factor is insufficient to warrant the imposition of a temporary restraining order.

### D.     Public Interest

The public has an interest in ensuring that inmates are housed in safe and constitutionally adequate conditions. However, the record before the Court does not justify the Court substituting its judgment regarding staffing requirements for that of prison officials.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff has not established his entitlement to a temporary restraining order. Based on the foregoing, the Court HEREBY ORDERS that:

1. The findings and recommendation (ECF No. 31), filed November 5, 2014, are VACATED, and
2. Plaintiff's motion for temporary restraining order (ECF No. 26) is DENIED.

IT IS SO ORDERED.

Dated:    December 3, 2014              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE