UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ARCEO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. GONZALES, et al.,<br><br>　　　　Defendants. | CASE NO. 1:13-cv-02083-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REPORTER'S TRANSCRIPT AT GOVERNMENT EXPENSE**<br><br>**(ECF No. 146)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case, now closed, proceeded against defendants Recio, Souvannakham, and Gonzales on Plaintiff's Eighth Amendment excessive force and state law assault and battery claims. All parties consented to Magistrate Judge jurisdiction for all purposes in accordance with 28 U.S.C. § 636(b)(1)(B).

The case was tried to a jury, and judgment was entered in favor of Defendants. (ECF Nos. 135-138.) Plaintiff appealed. (ECF No. 143.) Before the Court is Plaintiff's June 17, 2016 motion for transcripts at government expense. (ECF No. 146.)

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v.

Anderson, 924 F.2d 1500, 1511-12 (9th Cir. 1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903 (1991). Two statutes must be considered whenever the District Court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the Court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis:

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f); Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984). A "substantial question" under § 753(f) is "one which is 'reasonably debatable' based on an objective standard." United States v. Frost, 344 F. Supp. 2d 206, 208 n.1 (D. Me. 2004) (citation omitted). "In addition, the requested trial transcript must be 'required for proper appellate review.'" Id.

Here, neither Plaintiff's notice of appeal nor his motion for transcripts reveals the grounds for his appeal or the issues he contests. Accordingly, the Court has no basis from which to conclude that the appeal presents a substantial question or that the transcripts are necessary for proper appellate review. See id. (transcript denied where

indigent party failed to specify grounds for appeal); <u>Hudson v. Brian</u>, No. 1:08–cv–00249–AWI–JLT, 2012 WL 1019909, at *2 (E.D. Cal. Mar. 26, 2012) (same).

Based on the foregoing, Plaintiff's motion for transcript at government expense (ECF No. 146) is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   June 20, 2016          /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE